| | |
|---|---|
| 1 | ANTHONY J. OLIVA (BAR NO. 123971) |
| | ANDREW E. MILLER (BAR NO. 213504) |
| 2 | ALLEN MATKINS LECK GAMBLE |
| |   MALLORY & NATSIS LLP |
| 3 | 515 South Figueroa Street, Ninth Floor |
| | Los Angeles, California 90071-3309 |
| 4 | Phone: (213) 622-5555 |
| | Fax: (213) 620-8816 |
| 5 | E-Mail: toliva@allenmatkins.com |
| |        amiller@allenmatkins.com |
| 6 | |
| 7 | Attorneys for Defendants |
| | Douglas J. De Leo and Thomas Stokowski |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation, | Case No. CV09-07835 CAS (SSx) |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | **[Submitted with Declaration of Tom Stokowski]** |
| DOUGLAS J. DE LEO, an individual; and THOMAS STOKOWSKI, an individual, | Hearing Date: July 12, 2010 |
| Defendants. | Hearing Time: 10:00 a.m. |
| | Courtroom: 5 |

# Memorandum of Points and Authorities

## I. Introduction

DirecTV seeks to haul two long-time Massachusetts residents, Tom Stokowski and Doug De Leo, into court in Southern California. It is undisputed that neither defendant has any *individual* contacts with California *whatsoever*, much less sufficient contacts to permit California to exercise long-arm jurisdiction under the United States Constitution. If DirecTV wants to sue them, it must do so in Massachusetts, where they have lived and worked for their entire adult lives.

In an attempt to solve this problem of inadequate minimum contacts, DirecTV claims that even though Stokowski and De Leo were indisputably acting on behalf of their employer, NWS, on those few occasions when they had any contact at all with California, those NWS contacts with California should be attributed to these two individuals so that they can be dragged into court here. DirecTV bases this claim on the unsubstantiated theory that those acts on behalf of NWS were "tortious" acts directed at California. DirecTV further contends that it can use a private arbitration award against NWS to purportedly establish the facts necessary for this Court to find that jurisdiction over these individuals can be based on alleged tortious activity directed by them at this state.

This is false as a matter of both fact and law. Holding a private arbitration with a purported defendant's employer is not a valid method for side-stepping California's long-arm statute and Constitutional due process. First, the private arbitration award is of no effect in this proceeding. California law is clear that an arbitration award can have no collateral estoppel effect on third parties, precisely because of the manner in which an arbitration award is made (including the absence of any right of appeal). Because DirecTV relies on the award as the factual basis for its claim that these two defendants engaged in tortious acts directed at this forum, DirecTV's papers are devoid of any showing that a tort directed at California was committed by De Leo or Stokowski. In short, a private arbitrator's decision

regarding NWS has no bearing on this court's jurisdictional inquiry. De Leo and Stokowski cannot be hauled into this Court based on a private arbitration award that states that the corporation—*not them*—engaged in tortious activity. Put another way, De Leo and Stokowski did not give up their right to be tried in a court with valid *in personam* jurisdiction just because NWS agreed to a private arbitration in Southern California.

Second, even if, contrary to law, the award was of some moment in this inquiry, the award itself determines only that *NWS* engaged in a tort – not that De Leo or Stokowski engaged in tortious activity directed at California. In fact, this Court could scour the 30 page single-spaced award and find only *one* reference to De Leo. On the bottom of page 3, he is identified as NWS' founder. There is no other reference to him in the entire award. Moreover, the references to Stokowski make clear that he was simply an NWS salesman—not an officer, director or manager—and that he exercised no control over the amounts charged by NWS for DirecTV programming.

The award itself describes NWS as having obtained DirecTV programming using form contracts that DirecTV contended should not have been used at various prisons and college campuses, none of which are in California. NWS contended that it was entitled to use these contracts in the very way that they were used. The arbitrator's determination as to whether the use of these contracts in this fashion was tortious cannot and will not be jurisdictionally determinative, in any way, with regard to these two individuals —who *never* agreed to a private arbitration 3,000 miles from their homes. Nor does the testimony to which DirecTV cites in its brief reflect any tortious activity by these individuals, much less any tortious activity directed at this state. Thus, stripped of its ability to base in personam jurisdiction upon a private arbitrator's conclusions regarding activity by a separate entity (NWS), DirecTV has made no showing of any kind that these Massachusetts residents directed tortious activity at California.

Finally, this Court is not the proper venue for this action. De Leo and Stokowski both reside in Massachusetts.[1] NWS is also located in Massachusetts, and—as conceded by DirecTV—most of NWS's clients are not in California. Considering these undisputed facts, and applying the governing venue analysis set forth in the moving papers, forcing De Leo and Stokowski to litigate this case in California would be unjustified and unfair.

## II. Legal Analysis

### A. DirecTV improperly bases its jurisdictional argument on an arbitration award against NWS.

California law precludes DirecTV's effort to base long-arm personal jurisdiction over these defendants on a recent arbitration award against NWS. This is improper because, among other things, De Leo and Stokowski were not parties to that arbitration. The arbitration award thus has no collateral estoppel effect in this federal-court action.[2] In *Vandenberg*, the California Supreme Court held that a private arbitration award under California's private arbitration law (Code Civ. Proc., § 1280 et seq.), even if judicially confirmed, does not have nonmutual collateral-estoppel effect unless there was such an agreement in the particular case. Here, there was no agreement that the underlying arbitration have a nonmutual collateral-estoppel effect. Thus, the findings of the arbitration proceeding have no effect on the determination of the issues now before this Court.

The basis for the Supreme Court's holding in *Vandenberg* is instructive. The court noted, among other things, that private arbitration is a sometimes roughshod means of resolving a dispute where arbitrators may base their decisions upon broad principles of justice and equity and reject a claim that party might have successfully

---

[1] De Leo Dec., ¶ 2; Stokowski Dec., ¶ 2. (Both declarations were submitted with defendants' moving papers.)
[2] *Vandenberg v. Superior Court of Sacramento County* (1999) 21 Cal. 4th 815, 824.

1 asserted in a judicial action.[3]  The Court also noted that the absence of a right of
2 appeal, and all the procedural protections that accompany such a right, renders a
3 private arbitration award inadequate as a basis for collateral estoppel.  There was
4 also no right to an appeal of the NWS arbitration result, and thus the fairness
5 considerations at play in *Vandenberg* are implicated in this matter as well—
6 particularly because imposition of long-arm jurisdiction must not offend "traditional
7 notions of fair play and substantial justice."[4]

8      For these reasons, DirecTV cannot use the arbitration award to meet its
9 burden of showing that De Leo and Stokowski engaged in tortious activity in
10 California.  DirecTV claims that the wrongfulness of defendants' intentional acts has
11 already been established by that award against NWS.  But that statement is
12 contradicted by California law.  De Leo and Stokowski were not parties to the
13 proceeding, and their rights to have their matter adjudicated in a court with actual
14 personal jurisdiction cannot be impaired by findings in such a proceeding.
15 Moreover, even assuming for the sake of argument that the arbitration award was
16 relevant, neither it nor the testimony cited by DirecTV provides support for
17 DirecTV's position that De Leo and Stokowski acted tortiously as individuals.  The
18 award only concerns NWS's liability.

**B.  De Leo and Stokowski's contacts with California are minimal and do not constitute purposeful availment.**

22      De Leo and Stokowski have had had no contacts with California in their
23 individual capacities.  All such contacts were on behalf of NWS.  The acts of an
24 individual acting in his corporate capacity for an entity are shielded from suit unless

---

[3] *Id.* at 831-832.
[4] *International Shoe Co. v. Washington* (1945) 326 U.S. 310.

1  the individual controlled and directly participated in the alleged activities.[5]  Here,
2  DirecTV alleges De Leo and Stokowski are not shielded from suit because
3  individuals are personally liable for the torts they commit even if they were
4  committed on behalf of the corporation.[6]  But DirecTV has provided no competent
5  evidence to show that De Leo participated in or directed tortious activity aimed at
6  California.  The mere knowledge of tortious conduct by the corporation is not
7  enough to hold a director or officer liable for the torts of the corporation absent
8  other unreasonable participation in the unlawful conduct by the individual.[7]

9  Here, DirecTV has not and cannot make a showing that these two individuals
10 participated in any tortious conduct at all.  De Leo's testimony reflects that he never
11 had any contact *whatsoever* with DirecTV with the sole exception of one phone call
12 *after* NWS received a letter from DirecTV terminating its contract with NWS.
13 Moreover, even the arbitration award reflects the absence of any participation by De
14 Leo in the purported tort.  He is simply never mentioned in a 30-page description of
15 NWS' activity.  Thus, exerting jurisdiction here over De Leo would be the
16 equivalent of holding a CEO individually responsible for alleged tortious acts in
17 which he did not participate relating to a plaintiff with whom he had no personal
18 contact, simply because he is the CEO.

19 Stokowski's testimony (and the award itself) reflects that his role in any
20 contracts with California was merely as a salesman who located sales opportunities
21 on a website and forwarded those "leads" to a proposal team.  Stokowski wasn't
22 even on the proposal team through which this purported fraudulent scheme was
23 carried out.  He also was not an officer or director of NWS, which is another factor
24 weighing against asserting personal jurisdiction in these circumstances.[8]

---

[5] *Wolf Designs v. DHR & Company, et al.*, (CD Cal. 2004) 322 F. Supp. 2d 1065, 1072; *Transgo, Inc. v. Ajac Transmission Parts Corp.* (9th Cir. 1985) 768 F.2d 1001, 1021.
[6] Opp., 8: FN 21.
[7] *PMC Inc. v. Kadisha* (2d Dist. 2000) 78 Cal. App. 4th 1368, 1379, 389.
[8] *Click v. Dorman Long Tech., Ltd.* (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS

Moreover, none of the testimony cited by DirecTV reflects that any of these purportedly inappropriate contracts were used with California customers. In fact, the evidence reflects that NWS' customers in California actually used the contacts that DirecTV said they should use. Thus, the alleged tortious activity, if it occurred, was actually directed away from California, even under DirecTV's theory of the tort.

### C. Personal jurisdiction over De Leo and Stokowski would not be reasonable.

It must appear that the exercise of jurisdiction by local courts in the particular case would "comport with fair play and substantial justice."[9] The burden is on the nonresident to prove that the forum's exercise of jurisdiction would not comport with that standard.[10] In determining fair play and substantial justice, courts apply a reasonableness test. Under that test, they consider the following factors: (1) the extent of defendant's purposeful interjection; (2) the burden on defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) The forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.[11] No one factor is dispositive. Rather, the court must balance all seven.[12] The reasonableness requirement—i.e., the requirement of "fair play and substantial justice"—may defeat local jurisdiction even if defendant has purposefully engaged in forum-related activities.[13]

---

[9] 68978 at *14-15.
[10] *Burger King Corp. v. Rudzewicz* (1985) 471 US 462, 477–478.
[11] *Amoco Egypt Oil Co. v. Leonis Navigation Co.* (9th Cir. 1993) 1 F3d 848, 851.
*Core-Vent Corp. v. Nobel Industries AB* 11 F3d 1482, 1486–1487 (9th Cir. 1994); see *Burger King Corp. v. Rudzewicz, supra*, 471 US at 476–477.
[12] *Core-Vent Corp.*, 11 F3d at 1488.
[13] See *Asahi Metal Industry Co., Ltd. v. Sup.Ct. of Calif.* (1987) 480 US 102, 115; *Burger King Corp.*, 471 US at 477–478.

Here, considering the above factors, the exercise of jurisdiction over De Leo and Stokowski by this Court would be unreasonable. Their contacts with California were minimal and were all on behalf of NWS. Moreover, the burden on these individuals (both Massachusetts residents) of defending an action in the Central District of California would be unreasonably high. For example, the cost of defending an action in California would be much higher and burdensome to individuals of finite means. In addition, Mr. Stokowski is currently suffering from a serious medical condition that requires frequent and routine medical care from his local hospital.[14]

By contrast, DirecTV is a national corporation doing business in and able to secure convenient and effective relief in almost any forum across the country. An alternative forum is available in the state of Massachusetts, where De Leo and Stokowski live.

In short, the balance of these reasonableness factors weigh in favor of De Leo and Stokowski. The exercise of jurisdiction in this forum thus would not comport with traditional notions of fair play and substantial justice.

### D. The Central District of California is not the proper venue for this action.

Under FRCP 12(b)(3), improper venue is an express ground for a motion to dismiss. If venue is challenged, the plaintiff bears the burden of establishing that venue is proper in the forum.[15] Under 28 USC § 1391(b), venue in federal question cases is only proper in the following judicial districts: (1) if all defendants reside in the same state, a district where any defendant resides; (2) a district in which a "substantial part of the events or omissions" on which the claim is based occurred, or a "substantial part of the property" that is the subject of the action is located; or

---

[14] *See* Stokowski Dec. submitted with this reply.
[15] *Airola v. King* (D Az. 1980) 505 F.Supp. 30, 31; *Simon v. Ward* (ED Pa. 2000) 80 F.Supp. 2d 464, 468.

1  (3) if there is no district in which the action may otherwise be brought, the district
2  "in which any defendant may be found."[16]

3       In its Opposition, DirecTV contends that venue is properly based on the
4  second ground above because a "substantial part" of the activities alleged in the
5  complaint occurred in the Central District of California.[17]  This is simply incorrect.
6  The events and properties in dispute—i.e., where NWS did work for its institutional
7  clients such as universities, prisons, and military bases—occurred and are located all
8  over the country and were in no way centered in this district.  The substantiality
9  requirement is "intended to preserve the element of fairness so that a defendant is
10 not haled into a remote district having no real relationship to the dispute."[18]  This is
11 precisely what DirecTV is improperly attempting by filing suit in this district against
12 De Leo and Stokowski, who are residents of Massachusetts.  Again, protecting
13 defendants from being hailed into court in a remote forum is a relevant
14 consideration.  Thus, the Court must focus on relevant activities of De Leo and
15 Stokowski as individuals, not on the relevant activities of DirecTV, which happens
16 to have its corporate headquarters located in this district.[19]

17      For these reasons, and assuming *arguendo* that the Court does not grant this
18 motion based on lack of personal jurisdiction, it should grant the motion because
19 venue in the Central District of California is improper.

## III.  Conclusion

22      DirecTV has not satisfied its burden of showing that proper grounds exist for
23 jurisdiction over De Leo and Stokowski in this Court.  Their primary support is an
24 inapplicable arbitration award against NWS.  That award is not competent evidence
25 and cannot be considered by the Court in ruling on this motion.  In addition to lack

---

[16] Subsection(3) is not an issue here.
[17] Opposition, p.17: 4-6.
[18] *Cottman Transmission Systems, Inc. v. Martino* (3rd Cir. 1994) 36 F.3d 291, 294.
[19] *Woodke v. Dahm* (8th Cir. 1995) 70 F.3d 983, 985.

of personal jurisdiction, this Court is not the proper venue for this action against two individuals who reside in Massachusetts. For these reasons, the Court should grant this motion to dismiss.

Dated: June 28, 2010

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By::   /s/ - Andrew E. Miller
    Andrew E. Miller
    Attorneys for Defendants
    Douglas J. De Leo and Thomas
    Stokowski