UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**  **(In Chambers:) DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(2) AND FED. R. CIV. P. 12(b)(3)** (filed 12/18/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 12, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION**

On October 27, 2009, plaintiff DirecTV, Inc. ("DirecTV") filed the instant action against defendants Douglas J. De Leo ("De Leo") and Thomas Stokowski ("Stokowski"), alleging claims for: (1) violations of Cable Communications Policy Act, 47 U.S.C. § 605(e)(3)(C); (2) fraud; (3) unjust enrichment; (4) violations of Cal. Bus. & Prof. Code §§ 17200, et seq.; and (5) conversion.

On December 18, 2009, defendants filed the instant motion to dismiss the complaint for lack of personal jurisdiction and improper venue. On June 21, 2010, plaintiff filed its opposition. On June 28, 2010, defendants replied. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff DirecTV is a California corporation with its principle place of business in El Segundo, California. Compl. ¶ 6. It provides digital and high-definition cable television services to subscribers by way of a direct broadcast satellite system and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

specialized satellite receiving equipment. Id. Defendant De Leo is an individual residing in Massachusetts and is the Chief Executive Officer and President of NWS Corporation ("NWS"), a Massachusetts corporation. Id. ¶ 7. Defendant Stokowski is an individual residing in Massachusetts and is employed as the head of Strategic Business Development for NWS. Id. ¶ 8. According to plaintiff, NWS was in a business relationship with DirecTV as an authorized retailer of its cable programming from September 1996, until November 5, 2008, when DirecTV terminated the relationship after discovering defendants' alleged fraudulent activity. Id. ¶ 7. In February 2009, DirecTV filed a Demand for Arbitration against NWS pursuant to the arbitration clause contained in the parties' Affiliate Agreement. The Hon. Richard P. Byrne presided over the arbitration and found that NWS committed fraud and engaged in other tortious conduct by falsifying programming contracts and redistributing unauthorized programming.[1] Opp'n at 1, 3-4. In the instant action, DirecTV seeks to hold defendants personally accountable for their alleged fraudulent conduct. Id. at 1-2.

DirecTV alleges that defendants were the primary architects in devising and instituting a fraudulent scheme against it through their company NWS, whereby they directly ordered, authorized, or participated in all of the tortious acts which form the basis of the instant action. Compl. ¶ 9. According to DirecTV, NWS was authorized to resell its services only for use in limited viewing environments, such as in the lounges of institutions that offer short-term occupancy like hotels, hospitals, dormitories, and prisons. Id. ¶ 13, 22-25. As such, DirecTV alleges that NWS was authorized to resell cable programming to these properties according to limited viewing pricing schedules and programming options, as set forth in the Affiliate Agreement between DirecTV and NWS. Id. ¶ 12. DirecTV alleges that in or around 2005, defendants devised a scheme whereby they directed NWS to fraudulently purchase its services under the limited viewing rate plans and then unlawfully resell the programming to various third parties in a manner out of compliance with the authorized limited viewing environment. Id. ¶ 28-30. DirecTV alleges that defendants, and others at their instruction and/or with their authorization, falsified programming contracts which they would submit to DirecTV in order to obtain the most expensive programming at a fraction of the cost. Id. ¶ 29-31.

---

[1] Plaintiff attempted to name defendants as parties in the arbitration, but the arbitrator concluded that he did not have jurisdiction over the individuals because they were not signatories to the contract containing the arbitration clause. Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

According to plaintiff, defendants then distributed this unauthorized programming to these institutional customers at a significant mark-up, thereby obtaining a profit from their fraud. Id. ¶ 38-39. DirecTV alleges that defendants' fraudulent distribution of its programming has deprived it of millions of dollars in programming fees and has allowed defendants to profit significantly from overbilling customers and underbidding their competitors. Id. ¶ 39, 45.

**III. MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

    **A.    Legal Standard**

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process is the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three prongs:

> (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
> (2) the claim must arise out of or result from the defendant's forum-related activities; and
> (3) exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

In intentional tort cases, the first prong of the analysis—purposeful direction or availment—is analyzed under the "effects test." Calder v. Jones, 465 U.S. 783, 787-89 (1984); Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). The "effects" test has three elements:

> (1) defendant must have committed an intentional act;
> (2) the act must be expressly aimed at the forum state;
> (3) the act must cause harm that the defendant knows is likely to be suffered in the forum state.

Id.; Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir. 1993).

The plaintiff bears the burden of establishing purposeful availment and the defendant's forum-related activities, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). The plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

**B.      Discussion**

Defendants move to dismiss the instant action on the basis that they have not submitted to either general or specific jurisdiction in California. Mot. at 3, 4. DirecTV does not argue that the Court has general jurisdiction over defendants, but rather asserts that the Court has specific jurisdiction over defendants because they directed their conduct towards plaintiff and other entities in California. Opp'n at 7, 8.

**1.      Purposeful Availment**

Defendants argue that they are not subject to specific jurisdiction in California because they did not purposefully direct their activities at California residents or purposefully avail themselves of the privilege of conducting activities within California. Mot. at 4, 5.

DirecTV responds that defendants' conduct satisfies the purposeful availment prong under the Calder "effects test" because they (1) committed intentional acts; (2) expressly aimed at California; and (3) caused harm that they knew was likely to be suffered in California. Opp'n at 7-8. In support of its argument, DirecTV submits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

declarations from the recent arbitration proceeding against NWS, asserting that both defendants committed intentional acts by participating in and overseeing the tortious activity, including devising and approving the fraudulent schemes, signing and submitting to plaintiff fraudulent programming contracts, making false representations to it, and directing NWS employees to fill out fraudulent contracts and make false representations. Id. at 9. DirecTV asserts that defendants' intentional acts were aimed at California because they allegedly targeted the fraudulent scheme to affect DirecTV, which they knew was a California corporation. Id. at 10; Brereton Decl. Ex. D at 58, Ex. H at 98, Ex. J at 119. In addition, DirecTV argues that defendants' fraudulent activities arising out of properties in California further support that defendants aimed their conduct at California.² Opp'n at 10. Lastly, DirecTV argues that defendants caused harm that they knew it would suffer in California because defendants knew that it was headquartered and incorporated in California, and thus would feel the effects of their tortious conduct there. Id. at 13; Brereton Decl. Ex. D at 58, Ex. H at 98.

Defendants reply that DirecTV cannot rely on the recent arbitration award against NWS to establish personal jurisdiction over defendants. Reply at 3. Defendants argue that defendants were not parties to the arbitration and therefore, the arbitration award has no collateral estoppel effect in this action. Id., citing Vandenberg v. Superior Court of Sacramento County, 88 Cal. Rptr. 2d 366 (1999). Accordingly, defendants argue that the findings of the arbitration proceeding have no effect on the determination of the issues now before the Court and cannot be relied on to establish that defendants allegedly engaged in tortious activity in California. Id. at 4.

While it is true that the findings of the arbitration proceeding cannot have a preclusive effect in determining defendants' individual liability in the instant matter, for purposes of the instant motion, the Court must accept plaintiff's version of the facts as true, if uncontroverted, in deciding whether plaintiff has made a prima facie showing that personal jurisdiction exists. See AT&T, 94 F.3d at 588; Unocal, 27 F. Supp. 2d at 1181. Because plaintiff alleges sufficient facts to make a prima facie showing of purposeful

---

² According to plaintiff, defendants implemented fraudulent schemes at a naval military base in San Diego, California and a Veterans Affairs Hospital in Loma Linda, California, both of which involved defendants' direct participation, including making multiple trips to California. Opp'n at 10-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

availment under the Calder "effects test," the Court finds that defendants have purposefully availed themselves of this forum. See Dole, 303 F.3d at 1114 (holding that European defendants defrauding a corporation headquartered in California constituted purposeful availment under the "effects test"); Bancroft, 223 F.3d at 1088 (holding that purposeful availment was established where defendant's wrongful conduct individually targeted a known California resident and its effects were primarily felt in California).

### 2.     Claim Arises Out of Forum-Related Activities

In addition, in order for the Court to exercise specific jurisdiction over defendants, the claim must arise out of, or result from, defendants' forum-related activities. Rano, 987 F.2d at 588. Stated differently, "the contacts constituting purposeful availment must be the ones that give rise to the current suit." Bancroft, 223 F.2d at 1088.

Defendants argue that in order to establish this prong, plaintiff must show that its claims against defendants arose out of their contacts with California as individuals, not as employees of NWS. Mot. at 4. DirecTV responds that this Court has declined to follow that rationale, and that it instead "adopts the view that an employee, an officer, or director may be subject to personal jurisdiction where the individual is a 'primary participant' in the alleged wrongdoing; i.e., where the individual had 'control of, and direct participation in the alleged activities.'" Opp'n at 13, quoting Slaughter v. Van Cleve, No. 07-6599, 2007 U.S. Dist. LEXIS 90947, at *26 (citing Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (citing Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985))). DirecTV argues that defendants were primary participants in the wrongdoing and thus their contacts with California cannot be ignored simply because they were made on behalf of NWS. Id. Specifically, it argues that Stokowski came up with the scheme to submit the fraudulent programming contracts, in addition to signing many of the contracts, making false representation to DirecTV, and instructing other NWS employees to engage in the scheme. Id. at 9. As to De Leo, plaintiff argues that he acted intentionally by participating in the conversation about whether to engage in this scheme and by approving the scheme. Id.

Defendants reply that DirecTV has provided "no competent evidence" to show that defendants personally participated in or directed tortious activity aimed at California. Reply at 5. In support of their arguments, both defendants have submitted declarations, in which they aver that they do not conduct business in a personal capacity in California,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

have no bank accounts or other tangible person or real property in a personal capacity in California, and that their time spent in California is for business on behalf of NWS and not in a personal capacity. See Stokowski Decl.; De Leo Decl.

Because DirecTV alleges that defendants were primary participants in the fraudulent schemes, the Court finds that defendants' contacts are relevant for determining personal jurisdiction. See Calder, 465 U.S. at 790; see also Wolf Designs, 322 F. Supp. 2d at 1072. Accordingly, because the contacts constituting purposeful availment were those that gave rise to the present suit, DirecTV has made a prima facie showing that its claim arises out of defendants' forum-related activities. See Bancroft, 223 F.2d at 1088.

      **3.    Reasonableness**

Defendants argue that the reasonableness inquiry is a moot point because they have not purposefully engaged in forum related activities. Mot. at 5. DirecTV responds that the exercise of personal jurisdiction over defendants would not be unduly burdensome because of defendants' frequent travel to California. Opp'n at 15-16. DirecTV further argues that it would be reasonable given that defendants engaged significantly in the fraudulent schemes that took place on California properties. Id. at 16. Lastly, DirecTV argues that California has a significant interest in protecting its businesses against fraud and violations of its civil statutes, from which it has sought protection and redress. Id.

Defendants reply that subjecting them to personal jurisdiction would be unreasonable because the cost of defending the action in California would be highly burdensome to individual defendants of "finite means." Reply at 7. Defendants further contend that Stokowski is currently suffering from a serious medical condition that requires frequent routine medical care from his local hospital. Id.; See Stokowski Supplemental Decl. In addition, defendants argue that plaintiff, as a national corporation that does business across the country, is able to secure convenient and effective relief in almost any forum in the country. Id.

After balancing the relevant factors, the Court finds that defendants have not presented a "compelling case" that the exercise of personal jurisdiction over them would be unreasonable. See Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The extent of defendants' purposeful availment is considerable because of their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

alleged primary roles in the tortious activity directed at California and because of their frequent travel to California in connection with the fraudulent scheme. Moreover, the fact that local litigation would be inconvenient is not enough. See Sher, 911 F.2d at 1365 (requiring the nonresident to defend locally is not constitutionally unreasonable "in this era of fax machines and discount air travel."). Additionally, California's interest in adjudicating a dispute involving the defrauding of a California corporation weighs in favor of the assertion of personal jurisdiction. See Sinatra, 854 F.2d 1195 ("California maintains a strong interest in providing an effective means of redress for its residents [who are] tortiously injured."). For these reasons, the Court finds that the exercise of personal jurisdiction over defendants would not be unreasonable. Because the required elements have been met, the Court finds that it has personal jurisdiction over defendants.

**IV.  DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(3) FOR IMPROPER VENUE**

**A.  Legal Standard**

Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss or transfer a complaint for improper venue. When deciding a Rule 12(b)(3) motion, unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). To prevail on the 12(b)(3) motion, the plaintiff only needs to make a prima facie showing of proper venue. Id.

There are two statutes that govern a motion to dismiss or transfer a case on the basis of venue: "(1) where venue is improper, a court must dismiss or transfer under 28 U.S.C. § 1406; (2) where venue is proper, the court may transfer to another district, for convenience, pursuant to 28 U.S.C. § 1404." Abrams Shell v. Shell Oil Co., 165 F. Supp. 2d 1096 (C.D. Cal. 2001).

Under 28 U.S.C. § 1406(a), where a district court determines an action has been brought in "the wrong division or district," it has significant discretion to either dismiss the case, or "if it be in the interest of justice," transfer the case. See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1991) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

In determining if the plaintiff's preferred venue is improper, the court looks to 28 U.S.C. § 1391(b), which provides that, in an action based on federal question, venue is proper in (1) a judicial district where any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise of the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

**B.     Discussion**

Defendants move to dismiss the instant action on the basis that the Central District of California is not the proper venue. Mot. at 5-6. First, defendants argue neither defendant De Leo nor defendant Stokowski resides in California. Id. at 6. Second, defendants argue that as to the events or omissions giving rise to the claim, the Court must look at the defendant's relevant activities and not those of the plaintiff. Id. Accordingly, defendants argue that the events in dispute—where NWS performed work for its institutional clients—occurred all over the country and were in no way centered in this district. Id.

DirecTV responds that while § 1391(b)(2) provides that venue is proper if a substantial part of the activities alleged in the complaint occur in the judicial district, it does "not require the majority of events to occur in [the] district." Opp'n at 17 (quoting Bates v. C & S Adjusters, Inc., 980 F.2d 865 (2d Cir. 1992)). It further contends that the "locus of the injury" is relevant to the substantiality analysis. Opp'n at 17 (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1075-76 (9th Cir. 2001)). Accordingly, DirecTV argues that venue in this district is proper because defendants caused injury to it in this district and because defendants allegedly implemented their fraudulent scheme at the Loma Linda VA hospital in this district.

In their reply, defendants reiterate many of the arguments made in their moving papers. See Reply.

The Court finds that venue is proper pursuant to Myers, in which the Ninth Circuit concluded that because "at least one of the 'harms' suffered by Plaintiffs . . . was felt in Nevada . . . a substantial part of the events giving rise to the [Plaintiffs'] claim occurred in Nevada," and therefore, venue in Nevada was proper. Myers, 238 F.3d at 1075-76; see also Gordon v. DTE Energy, 680 F. Supp. 2d 1282, 1287 (W.D. Wash. 2010). In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7835 (CAS) (SSx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | DIRECTV, INC. v. DOUGLAS J. DE LEO, ET AL. | | |

instant case, plaintiff alleges that it suffered harm in this district, based on the location of its principal place of business. Opp'n at 17. Therefore, according to <u>Myers</u>, a substantial part of the events giving rise to the claim occurred in this district. Accordingly, the Court finds that the Central District of California is a proper venue for this case.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to dismiss for lack of personal jurisdiction and improper venue.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |