1  DOUGLAS J. DE LEO, PRO SE
   70 Mainline Drive
2  Westfield, MA  01085
   Phone:  (413) 562-7081
3  Email:  deleo@nwscorp.net

4
   Douglas J. De Leo, Pro Se Defendant
5

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  DIRECTV, INC., a California          Case No. CV09-07835 CAS (SSx)
    corporation,
12

13            Plaintiff,               **ANSWER OF DOUGLAS J. DE LEO
                                        TO COMPLAINT**
14     v.

15  DOUGLAS J. DE LEO, an individual;
    and THOMAS STOKOWSKI, an
16  individual,

17            Defendants.

18

19        Defendant, Douglas J. De Leo ("De Leo") hereby files and serves his answer

20  and affirmative defenses to the Complaint, and all claims therein, of plaintiff

21  DIRECTV, Inc.("DIRECTV" or "Plaintiff'), as follows:

22                        **NATURE OF THE ACTION**

23        In answer to paragraph 1 of the Complaint, De Leo denies each  and very

24  allegation contained therein.

25        2.      In answer to paragraph 2 of the Complaint, De Leo denies each and

26  very allegation contained therein.

27        3.      In answer to paragraph 3 of the Complaint, De Leo denies each and

28  every allegation contained therein.

874679.01/LA

## JURISDICTION AND VENUE

4.     In answer to paragraph 4 of the Complaint, De Leo denies each and every allegation contained therein, except Defendants admit that this Court would have jurisdiction over a valid claim under the Cable Communications and Policy Act of 1984 ("CCPA"), Title 47, United States Code §§ 521 et. Seq. (but denies that the Complaint assets a valid CCPA claim).

5.     In answer to paragraph 5 of the Complaint, De Leo denies each and every allegation contained therein, except Defendants admit that venue in this district is proper.

## PARTIES

6.     In answer to paragraph 6 of the Complaint, De Leo denies each and every allegation therein, except Defendants admit  that DIRECTV is a California corporation with its principal place of business in El Segundo and that it provides digital and high-definition television to subscribers by way of a satellite system.

7.     In answer to paragraph 7 of the Complaint, De Leo denies each and every allegation, except Defendants admit that De Leo is an individual residing in Massachusetts, that De Leo is currently the Chief Executive Officer and President of NWS Corporation ("NWS"), that De Leo founded NWS in 1984 and that NWS was DIRECTV SMATV retailer from September, 1996 until November 5, 2008.

8.     In answer to paragraph 8 of the Complaint, De Leo denies each and every allegation contained therein, except Defendants admit that Stokowski is an individual residing in Massachusetts, that Stokowski worked for NWS from 1989 until 2005, and was an independent contractor from 2006 until 2009. Stokowski is not currently an employee of NWS.

9.     In response to paragraph 9 of the Complaint, De Leo denies each and every allegation contained therein.

# FACTUAL BACKGROUND

10.   In answer to paragraph 10 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

11.   In answer to paragraph 11 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

12.   In answer to paragraph 12 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.   In answer to paragraph 13 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein, except De Leo admits that "SMATV" stands for Satellite Master Antenna Television.

14.   In answer to paragraph 14 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.   In answer to paragraph 15 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

874679.01/LA

16.    In answer to paragraph 16 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph and on that basis denies each and every allegation.

17.    In answer to paragraph 17 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.    In answer to paragraph 18 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein, except Defendants admit that NWS was an authorized SMATV Retailer.

19.    In answer to paragraph 19 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

20.    In answer to paragraph 20 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.    In answer to paragraph 21 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein, except Defendants admit that NWS was never an authorized Commercial Retailer for DIRECTV.

22.    In answer to paragraph 22 of the Complaint, De Leo denies each and every allegation contained therein, except Defendants admit that NWS became an authorized DIRECTV SMATV retailer in September 1996 that NWS entered into

874679.01/LA

-4-

the DIRECTV SMATV Affiliate Agreement ("Affiliate Agreement") in September 1996, that NWS was an authorized DIRECTV SMATV Retailer until terminated by DIRECTV on November 5, 1008, and that NWS' application to become a DIRECTV SMATV retailer was signed by De Leo and submitted by Stokowski.

23.   In answer to paragraph 23 of the Complaint, the Affiliate Agreement speaks for itself. De Leo denies each and every allegation set forth in paragraph 2 that is inconsistent with the terms set forth in the Affiliate Agreement.

24.   In answer to paragraph 24 of the Complaint, the Affiliate Agreement speaks for itself. De Leo denies each and every allegation set forth in paragraph 2 that is inconsistent with the terms set forth in the Affiliate Agreement.

25.   In answer to paragraph 25 of the Complaint, the Affiliate Agreement speaks for itself. De Leo denies each and every allegation set forth in paragraph 2 that is inconsistent with the terms set forth in the Affiliate Agreement.

26.   In answer to paragraph 26 of the Complaint, the Affiliate Agreement speaks for itself. De Leo denies each and every allegation set forth in paragraph 2 that is inconsistent with the terms set forth in the Affiliate Agreement.

27.   In answer to paragraph 27 of the Complaint, De Leo is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.   In answer to paragraph 28 of the Complaint, De Leo denies each and every allegation contained therein.

29.   In answer to paragraph 29 of the Complaint, De Leo denies each and every allegation contained therein.

30.   In answer to paragraph 30 of the Complaint, De Leo denies each and every allegation contained therein.

31.   In answer to paragraph 31 of the Complaint, De Leo denies each and every allegation contained therein.

874679.01/LA

1    32.    In answer to paragraph 32 of the Complaint, De Leo denies each and
2  every allegation contained therein, except Defendants admit that NWS submitted a
3  SMATV Customer Contract and a Commercial Business Viewing Contract to
4  DIRECTV to obtain programming on behalf of Colorado State University ("CSU").

5    33.    In answer to paragraph 33 of the Complaint, the Commercial Business
6  Viewing Contract for CSU speaks for itself. De Leo denies each and every
7  allegation set forth in paragraph 33 that is inconsistent with the terms set forth in t
8  Commercial Business Viewing Contract for CSU.

9    34.    In answer to paragraph 34 of the Complaint, De Leo denies each and
10  every allegation contained therein.

11    35.    In answer to paragraph 35 of the Complaint, De Leo denies each and
12  every allegation contained therein.

13    36.    In answer to paragraph 36 of the Complaint, De Leo denies each and
14  every allegation contained therein.

15    37.    In answer to paragraph 37 of the Complaint, De Leo denies each and
16  every allegation contained therein.

17    38.    In answer to paragraph 38 of the Complaint, De Leo denies each and
18  every allegation contained therein.

19    39.    In answer to paragraph 39 of the Complaint, De Leo denies each and
20  every allegation contained therein.

21    40.    In response to paragraph 40 of the Complaint, the Commercial
22  Viewing Agreement for the University of Illinois, Springfield ("UIS") speaks for
23  itself. De Leo denies each and every allegation set forth in paragraph 40 regarding
24  the Commercial Viewing Agreement for UIS that is inconsistent with the terms set
25  forth in that Agreement. De Leo is without sufficient knowledge or information to
26  form belief as to the truth of the remaining allegations contained in said paragraph,
27  and that basis denies each and every remaining allegation contained therein.

28

874679.01/LA

-6-

1    41.   In response to paragraph 41 of the Complaint, the SMATV Contract

2    UIS speaks for itself. De Leo denies each and every allegation set forth in paragraph

3    41 that is inconsistent with the terms set forth in the SMATV Contract UIS.

4    42.   In response to paragraph 42 of the Complaint, the Commercial

5    Viewing Agreement for UIS speaks for itself. De Leo denies each and every

6    allegation set forth in paragraph 40 regarding the Commercial Viewing Agreement

7    for UIS that inconsistent with the terms set forth in that Agreement. De Leo is

8    without sufficient knowledge or information to form a belief as to the truth of the

9    remaining allegations contained in said paragraph, and on that basis denies each and

10   every remaining allegation contained therein.

11   43.   In answer to paragraph 43 of the Complaint, De Leo denies each and

12   every allegation contained therein.

13   44.   In answer to paragraph 44 of the Complaint, De Leo is without

14   sufficient knowledge or information to form a belief as to the truth of the allegation

15   regarding DIRECTV's investigation of NWS accounts, and on that basis denies each

16   and every allegation regarding DIRECTV's investigation of NWS accounts

17   contained therein. De Leo denies each and every remaining allegation contained

18   therein.

19   45.   In answer to paragraph 45 of the Complaint, De Leo denies each and

20   every allegation contained therein.

21   **FIRST CAUSE OF ACTION**

22   **(Violations of Cable Communications Policy Act [47 U.S.C. § 605(e)(3)(C)])**

23   46.   In answer to paragraph 46 of the Complaint, De Leo incorporates by

24   reference paragraphs 1 to 45 above as though set forth in full here.

25   47.   In answer to paragraph 47 of the Complaint, the Cable

26   Communication Policy Act speaks for itself. De Leo denies each and every

27   allegation set forth in paragraph 47 regarding the Cable Communications Policy Act

28

874679.01/LA

1 that is inconsistent with the terms set forth in that Act. De Leo denies each and
2 every remaining allegation contained therein.

3       48.    In answer to paragraph 48 of the Complaint, De Leo denies each and
4 every allegation contained therein.

5       49.    In answer to paragraph 49 of the Complaint, De Leo denies each and
6 every allegation contained therein.

7       50.    In answer to paragraph 50 of the Complaint, De Leo denies each and
8 every allegation contained therein.

9       51.    In answer to paragraph 51 of the Complaint, De Leo denies each and
10 every allegation contained therein.

11       52.    In answer to paragraph 52 of the Complaint, De Leo denies each and
12 every allegation contained therein.

13       53.    In answer to paragraph 53 of the Complaint, De Leo denies each and
14 every allegation contained therein.

15 **SECOND CAUSE OF ACTION**

16 **(Fraud)**

17       54.    In answer to paragraph 54 of the Complaint, De Leo incorporates by
18 reference paragraphs 1 to 53 above as though set forth in full here.

19       55.    In answer to paragraph 55 of the Complaint, De Leo denies each and
20 every allegation contained therein.

21       56.    In answer to paragraph 56 of the Complaint, De Leo denies each and
22 every allegation contained therein.

23       57.    In answer to paragraph 57 of the Complaint, De Leo denies each and
24 every allegation contained therein.

25       58.    In answer to paragraph 58 of the Complaint, De Leo denies each and
26 every allegation contained therein.

27       59.    In answer to paragraph 59 of the Complaint, De Leo denies each and
28 every allegation contained therein.

874679.01/LA

## THIRD CAUSE OF ACTION

### (Unfair Business Practices)

60. In answer to paragraph 60 of the Complaint, De Leo incorporates by reference paragraphs 1 to 59 above as though set forth in full here.

61. In answer to paragraph 61 of the Complaint, De Leo denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (Civil Conversion)

62. In answer to paragraph 62 of the Complaint, De Leo incorporates by reference paragraphs 1 to 61 above as though set forth in full here.

63. In answer to paragraph 63 of the Complaint, De Leo denies each and every allegation contained therein.

64. In answer to paragraph 64 of the Complaint, De Leo denies each and every allegation contained therein.

65. In answer to paragraph 65 of the Complaint, De Leo denies each and every allegation contained therein.

66. Defendants are not required to respond to the assertions of law contained in paragraph 66 of the Complaint.

67. Defendants are not required to respond to the assertions of law contained in paragraph 67 of the Complaint.

68. Defendants are not required to respond to the assertions of law contained in paragraph 68 of the Complaint.

69. Defendants are not required to respond to the assertions of law contained in paragraph 69 of the Complaint.

70. Defendants are not required to respond to the assertions of law contained in paragraph 70 of the Complaint.

71. De Leo denies each and every allegation in the Complaint not specifically admitted herein.

874679.01/LA

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

72.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

73.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Particularity)

74.    Plaintiff has failed to plead fraud claims with sufficient particularity.

### FOURTH AFFIRMATIVE DEFENSE

#### (Third-Party Fault)

75.    Plaintiff's damages, if any, are in whole or in part the result of the fault of others whom Defendants lack the authority or ability to control.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel or Waiver)

76.    Plaintiff's claims are barred in whole or in part by equitable doctrines estoppel or waiver.

### SIXTH AFFIRMATIVE DEFENSE

#### (Laches)

77.    Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

78.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

874679.01/LA

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

79.    De Leo alleges that through DIRECTV's conduct and the persons acting on its behalf, it approved, authorized, consented to and/or ratified De Leo's conduct alleged in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, having answered the Complaint, De Leo requests the following relief:

A.    For dismissal with prejudice of the Complaint and all claims stated therein;

B.    For a judgment that Plaintiff take nothing on its claims and denying a relief sought by Plaintiff;

C.    For an award of De Leo's reasonable attorneys' fees according to proof and De Leo's costs incurred herein; and

D.    For such other and further relief as the Court deems just and equitable

Dated:  October 12, 2010

By: _____
Douglas De Leo
Pro Se Defendant